UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES J. O'HAGAN,<br><br>Plaintiff,<br>v.<br><br>ROBERT FERGUSON et al.,<br><br>Defendants. | CASE NO. 3:26-cv-05857-DGE<br><br>ORDER DISMISSING COMPLAINT |

Presently before the Court is pro se Plaintiff James J. O'Hagan's amended complaint, which he filed August 14, 2026. (Dkt. No. 10.) For the foregoing reasons, Plaintiff's complaint is DISMISSED WITH PREJUDICE. Plaintiff's pending "Motion for Findings of Fact" and Motion to Appoint Counsel (Dkt. Nos. 8, 13) are therefore DENIED as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiff's Pending Case

On August 13, 2026, Plaintiff, proceeding pro se, filed a complaint in this court. (Dkt. No. 7.) This complaint contains over 300 pages of attached exhibits. (*Id.*) Plaintiff then filed an

amended complaint on August 14, 2026, in which he named additional defendants. (Dkt. No. 10.) The amended complaint does not contain any exhibits. (*Id.*)

The precise nature of Plaintiff's claims is difficult to ascertain from either the original or amended complaint. Plaintiff's complaint reads as a convoluted tirade against the Washington State Judicial Branch and various Washington State politicians: alleging election fraud, the Washington State Judiciary "has been practicing Shari Law," and Washington State Officers and Representatives joined "Robert Ferguson's organized criminal acts to overthrow the political process of Washington State," among other allegations. (*Id.*) Plaintiff lists 14 different Washington statutes and 14 different constitutional provisions that Washington politicians and the judiciary allegedly violated. (*Id.*) The complaint does not tie any specific facts to these enumerated statutes or constitutional provisions. (*Id.*)

Plaintiff's additional filings on this docket contain similar allegations.

- Plaintiff filed a "Motion for Findings of Facts" on August 13, 2026. (Dkt. No. 8.) This document lists ten questions directed to the District Judge assigned to his case so Plaintiff can be "assured Constitutional Law will prevail over Shari law that provides preferential treatment and protects nobility." (*Id.*)
- Plaintiff filed a Motion to Appoint Counsel on August 27, 2026. (Dkt. No. 13.) Though challenging to follow, in this filing Plaintiff repackages his allegations of separation of powers violations and election fraud against the Washington State judiciary and various Washington politicians. (*Id.*)
- Plaintiff filed a "Request to President Donald J. Trump for Intervention" on September 3, 2026. (Dkt. No. 15.) This document requests President Trump to

join Plaintiff's lawsuit and provides 22 "interrogatories and seven "requests for production" directed to President Trump. (*Id.*)

- Plaintiff filed a "Declaration of James J. O'Hagan In Re: Ongoing Civil Rights Violations Regarding Election Crimes" on September 8, 2026. (Dkt. No. 16.) It includes an attachment of a letter addressed to him from the Washington State Attorney General's office regarding a separate matter and Mr. O'Hagan's response to the Attorney General alleging various forms of purported Washington State Attorney General malfeasance. (Dkt. No. 16 at 4–6.)

**B. Plaintiff's History of Filing Cases Before this Court**

This is not Plaintiff's first time making related allegations before this Court. On April 27, 2020, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis, supported by his proposed complaint. *O'Hagan v. State of Washington*, Case No. 3:20-5396-RJB, Dkt. No. 1 (W.D. Wash. Apr. 27, 2020). In the proposed complaint, Plaintiff claimed he was a political prisoner, said he was the victim of conspiracy of various Washington state and federal judges, and claimed that law schools are guilty of teaching "Shari Law," among other incredible allegations. *Id.* As United States District Judge Ronald Leighton of the Western District of Washington described in determining the proposed complaint was frivolous and permitting Plaintiff 21 days to amend his complaint to address its deficiencies, "[t]he vast conspiracy O'Hagan alleges is facially implausible. His complaint is not a habeas petition; it is a political screed." *O'Hagan v. State of Washington*, Case No. 3:20-5396-RJB, Dkt. No. 4 at 4 (W.D. Wash. May 19, 2020). Instead of addressing the deficiencies, on June 8, 2020, Plaintiff then filed a pleading entitled "Defendant's Memorandum with Supporting Evidence in Response to Honorable Ronald B. Lighton's May 19, 2020 Order by Declaration of James J. O'Hagan."

*O'Hagan v. State of Washington*, Case No. 3:20-5396-RJB, Dkt. No. 6 (W.D. Wash. June 6, 2020). This incoherent 55-page document continued to allege Washington State judicial branch corruption and election fraud, including "judges have been unconstitutionally forcing Shari law onto the people" and asserting that Plaintiff was a "political prisoner of the judicial branch." *Id.* United States District Judge Robert J. Bryan then issued an order dismissing Mr. O'Hagan's petition on September 10, 2020. *O'Hagan v. State of Washington*, Case No. 3:20-5396-RJB, Dkt. No. 15 at 4 (W.D. Wash. Sep. 10, 2020). The Court dismissed Plaintiff's case with prejudice as frivolous and for failure to state a claim. *Id.*

Mr. O'Hagan filed an appeal. The Ninth Circuit dismissed the appeal as frivolous. *O'Hagan v. State of Washington*, Case No. 35909 (9th Cir. 2021). He then filed an unsuccessful writ of certiorari before the United States Supreme Court on September 13, 2021. *See O'Hagan v. State of Washington*, Case No. 3:20-5396-RJB, Dkt. No. 25 (W.D. Wash. Sep. 13, 2021).

Mr. O'Hagan has filed several other cases in the U.S. District Court for the Western District of Washington over the past 15 years. All have been dismissed. The Court has dismissed Mr. O'Hagan's claims for failure to show cause (*O'Hagan v. Pacific Cnty. Just. Dep't*, Case No. C11-5277-BHS, Dkt. No. 4 (W.D. Wash. June 23, 2011)); lack of subject matter jurisdiction (*O'Hagan v. Ursich*, Case. No. 3:12-05179-BHS, Dkt. No. 4 (W.D. Wash. Mar. 27, 2012)); failure to identify grounds to remove a criminal action to federal court (*Washington v. O'Hagan*, Case No. MC 16-5038-BHS, 2017 WL 218803, at *2 (W.D. Wash. Jan. 19, 2017); and, failure to follow court orders to file an amended complaint (*O'Hagan v. State of Washington*, Case No. C19-6205-RBL, Dkt. No. 6 at 1 (W.D. Wash. July 30, 2020)). This Court has also dismissed a case in which Mr. O'Hagan attempted to pursue claims on behalf of the Pacific County Tea Party, a dissolved corporate entity, because a corporation can only proceed in

federal courts with an attorney and Mr. O'Hagan is not an attorney. *Pacific Cnty. Tea Party v. Inslee*, Case No. C20-0971-LK, Dkt. No. 36 (W.D. Wash. Dec. 30, 2021).

Additionally, Mr. O'Hagan has attempted, without success, to intervene in several cases that were adjudicated before this Court. On February 9, 2017, Mr. O'Hagan filed to intervene in a case in which various states challenged the lawfulness of President Trump's January 27, 2017 "Muslim Ban." *State of Washington v. Trump*, Case No. 2:17-cv-099141-JLR, Dkt. No. 79 (W.D. Wash. Feb. 9, 2017). United States District Judge James L. Robart denied Mr. O'Hagan motion to intervene, stating Mr. O'Hagan's filings are "difficult, at best, to understand." *State of Washington v. Trump*, Case No. 2:17-cv099141-JLR, Dkt. No. 83 (W.D. Wash. Feb. 14, 2017). On February 18, 2025, in a 61-page filing, Plaintiff filed to intervene in a case in which Washington State and several other states challenged the constitutionality of Present Trump's January 20, 2025 order stripping U.S. citizenship from children born to non-citizen parents. *State of Washington v. Trump*, Case No. 2:25-cv-00127-JCC, Dkt. No. 128 (W.D. Wash. Feb. 18, 2025). The Court terminated Mr. O'Hagan's motion.

## II. DISCUSSION

The Court has carefully reviewed the complaint in this matter. Because Plaintiff filed this complaint pro se, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

A federal court may dismiss a case sua sponte pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.,* 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua

sponte under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.")*;see also Mallard v. United States Dist. Court*, 490 U.S. 296, 307–308 (1989) (there is little doubt a federal court would have the power to dismiss a frivolous complaint sua sponte, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984). *See also Neitzke v. Williams*, 480 U.S. 319, 325 ("term 'frivolous' . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation").

It is unclear whether Plaintiff intends his original complaint (Dkt. No. 7) or his amended complaint (Dkt. No. 10) to be the operative complaint. Either way, to the extent that Plaintiff's claims are comprehensible, each complaint is frivolous, raises baseless allegations, and has not stated a claim upon which relief can be granted. To put it mildly, the complaint and amended complaint fail to identify in any discernible manner the claims asserted against each individual defendant. Nor does either document allege with sufficient clarity the specific actions or omissions attributable to each Defendant that Plaintiff named. This Court finds the complaint is frivolous and fails to state a claim and should thus be dismissed.

Dismissal without leave to amend is only appropriate when the complaint cannot be saved by amendment. *Creech v. Tewalt*, 84 F.4th 777, 787 (9th Cir. 2023). *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Here, the complaint cannot be saved by amendment. The complaint lacks basis in fact or in law. Additionally, as outlined in the factual and procedural background above, Plaintiff has a long history of filing frivolous complaints and other documents before this Court. This Court has previously granted Plaintiff leave to amend with a statement of the complaint's deficiencies

and Plaintiff responded with a frivolous, argumentative, and baseless rant. *O'Hagan v. State of Washington*, Case No. 3:20-5396-RJB, Dkt. Nos. 4, 6, 15 (W.D. Wash. Sep. 10, 2020). The Court finds permitting amendment here, in which Plaintiff's complaint raises unsupported and unintelligible allegations similar to those contained in Plaintiff's previous cases, would be futile. This case should be dismissed with prejudice and without leave to amend.

## III. CONCLUSION

Accordingly, the Court finds and ORDERS that

1. Plaintiff's Motion for Finding of Fact (Dkt No. 8) is DENIED as moot.
2. Plaintiff's Motion to Appoint Counsel (Dkt. No. 13) is DENIED as moot.
3. This case is DISMISSED WITH PREJUDICE.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 15th day of September, 2026

David G. Estudillo
United States District Judge