~UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES J. O'HAGAN,

Plaintiff,

v.

ROBERT FERGUSON et al.,

Defendant.

CASE NO. 3:26-cv-05857-DGE

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 19)

Presently before the Court is pro se Plaintiff James J. O'Hagan's Motion for Reconsideration, which Plaintiff titled "Motion for Judge David G. Estudillo to Reconsider His Position." (Dkt. No. 19.) For the foregoing reasons, Plaintiff's motion is DENIED.

On August 13, 2026, Plaintiff, proceeding pro se, filed a complaint in this court. (Dkt. No. 7.) Plaintiff then filed an amended complaint on August 14, 2026, in which he named additional defendants. (Dkt. No. 10.) On September 15, 2026, this court sua sponte dismissed Plaintiff's complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) as the complaint was "frivolous, raises baseless allegations, and has not stated a claim upon which

relief can be granted." (Dkt. No. 17 at 6.) Plaintiff then filed the pending motion for reconsideration on September 24, 2026. (Dkt. No. 19.) Plaintiff subsequently filed an appeal before the Ninth Circuit. (Dkt. No. 20.)

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

Here, Plaintiff does not identify any manifest error in the ruling or new facts or legal authority. Instead, Plaintiff continues to raise frivolous and nonsensical claims.

Accordingly, and having considered Plaintiff's motion, the Court ORDERS that Plaintiff's Motion for Reconsideration (Dkt. No. 19) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 16th day of October, 2026.

David G. Estudillo
United States District Judge